# EXHIBIT A

Clerk of the Superior Court
*** Electronically Filed ***
L. Overton, Deputy
5/20/2021 2:44:38 PM
Filing ID 12918710

Person/Attorney Filing: Patrick J McGroder III
Mailing Address: 701 N. 44th St.
City, State, Zip Code: Phoenix, AZ 85008
Phone Number: (480)429-3004
E-Mail Address: p3@beusgilbert.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 002598, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Joshua Moore<br>Plaintiff(s),<br>v.<br>Buckeye Fire Equipment Company, et al.<br>Defendant(s). | Case No. **CV2021-008336**<br><br>**SUMMONS** |

To: Buckeye Fire Equipment Company

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT AFFECTS YOUR RIGHTS. READ THIS SUMMONS CAREFULLY. IF YOU DO NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an Answer in writing with the Court, and you must pay the required filing fee. To file your Answer, take or send the papers to <u>Clerk of the Superior Court, 201 W. Jefferson, Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's approved electronic filing systems at http://www.azcourts.gov/efilinginformation.</u>
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents in this case.

3. If this Summons and the other court papers were served on you within the State of Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the date of service, not counting the day of service. If this Summons and the other court papers were served on you outside the State of Arizona, your Answer must be filed within THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *May 20, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *LAMAAR OVERTON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5729102

2

O'STEEN & HARRISON
ATTORNEYS AT LAW

Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013-3424
T: (602) 252-8888 F: (602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac vice pending*
Jason W. Burge, *pro hac vice*
Danielle Teutonico, *pro hac vice*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
T: (504) 586-5252 F: (504) 586-5250
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| JOSHUA MOORE, a single man, | Case No. CV2021-008336 |
| Plaintiffs, | **FIRST AMENDED COMPLAINT** |
| v. | **AND** |
| BUCKEYE FIRE EQUIPMENT COMPANY; VICTOR FIRE PRODUCTS, LLC and FDC RESCUE PRODUCTS, LLC, | **JURY TRIAL DEMAND** |
| | (Assigned to the Hon. Brad Astrowsky) |
| Defendants. | |

For his First Amended Complaint against Defendants Buckeye Fire Equipment Company ("Buckeye"), FDC Rescue Products, LLC ("FDC Rescue Products"), and FDC Rescue ("FDC Rescue" and, collectively with Buckeye and FDC Rescue Products "Defendants"), Plaintiff Joshua Moore ("Plaintiff"), through undersigned counsel, hereby alleges, based upon information and belief, as follows:

– 1 –

O'STEEN & HARRISON
ATTORNEYS AT LAW

## **INTRODUCTION**

1.      Plaintiff Joshua Moore ("Josh") has been a firefighter for about eight years. Throughout that period, he worked with aqueous film-forming foams ("AFFFs") containing the toxic chemicals collectively known as per and polyfluoroalkyl substances ("PFAS"). PFAS include, but are not limited to, perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonic acid ("PFOS") and related chemicals including those that degrade to PFOA and/or PFOS.

2.      AFFFs are used by fire departments, including the Glendale Fire Department to extinguish fires. Josh was exposed to AFFFs in training sessions, while fighting fires, and, after a fire was extinguished, by "painting" rooms, which entails coating every surface with a thick concentration of foam to prevent fires from rekindling. Throughout his career, Josh had routine dermal exposure to AFFFs.

3.      Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, promoted, sold, and/or otherwise released into the stream of commerce AFFFs with knowledge that they contained highly toxic PFAS, which would expose end users of the product to the risks associated with PFAS. Each of the Defendants supplied AFFFs, either on a manufacturer or distributor basis, to the Glendale Fire Department that employs Josh.

4.      PFAS accumulates in the blood and bodily tissues of humans exposed to the material and persists for long periods of time. These are highly toxic and carcinogenic chemicals. Defendants knew, or should have known, that PFAS present significant health risks to humans who are exposed to them.

5.      In his role as a firefighter, Josh used Defendants' AFFFs in their intended manner, without material change in the products' condition, and in a manner that Defendants were aware that firefighters like Josh would use the product. Josh was unaware of the toxic nature of the PFAS in AFFFs – indeed, he

O'STEEN & HARRISON
ATTORNEYS AT LAW

was told that these products were inert and presented no health hazards.

6.     After about four years of exposure to AFFFs, in September 2019, Josh was diagnosed with testicular cancer. Josh's consumption and/or dermal absorption of Defendants' AFFF products caused him to develop the serious medical conditions and complications alleged herein.

7.     Through this action, Josh seeks to recover for the permanent and significant damages sustained as a direct consequence of his exposure to Defendants' AFFF products during the course of Moore's training and firefighting activities.

## PARTIES, JURISDICTION, AND VENUE

8.     Plaintiff is a single man residing in Maricopa County, Arizona.

9.     Defendant Buckeye Fire Equipment Company ("Buckeye") is a North Carolina company and does business throughout the United States, including in Maricopa County, Arizona. Buckeye marketed, distributed, trained users, produced instructional materials and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this First Amended Complaint.

10.     Defendant FDC Rescue Products LLC ("FDC Rescue Products"), is an Arizona limited liability company and does business throughout this state, including in Maricopa County. FDC Rescue Products marketed, distributed, and/or sold AFFFs containing PFAS that are used in firefighting training and response exercises that are the subject of this First Amended Complaint.

11.     Defendant FDC Rescue LLC ("FDC Rescue"), is an Arizona limited liability company and does business throughout this state, including Maricopa county. Based upon information and belief, FDC Rescue is the successor in interest to FDC Rescue Products and was formed in 2019 to continue the business previously operated by FDC Rescue Products. Upon information and belief, FDC Rescue marketed, distributed, and/or sold AFFFs containing PFAS that are used in

– 3 –

firefighting training and response exercises that are the subject of this First Amended Complaint.

12. Buckeye is hereafter referred to as the "Manufacturer Defendant." FDC Rescue Products and FDC Rescue are hereafter referred to as the "Distributor Defendants."

13. Defendants have caused events to occur in Maricopa County, Arizona, out of which all claims stated herein arise, and venue is proper in this Court pursuant to A.R.S. S 12-401.

14. The amount in controversy exceeds the Court's minimum jurisdictional amount.

15. The Court has jurisdiction of this action pursuant to Article VI, section 14 of the Arizona Constitution and A.R.S. § 12-123.

## GENERAL ALLEGATIONS

16. Aqueous Film-Forming Foam ("AFFF") is a combination of chemicals used to extinguish fires.

17. AFFF has better firefighting capabilities than water because of its unique properties, which extinguish fires by smothering them, ultimately starving them of oxygen.

18. AFFFs can be used to fight fires directly in conjunction with or in place of water, or they can be used to insulate a premises that was previously on fire, to prevent fire from reigniting.

19. AFFF was introduced commercially in the mid-1960s and rapidly became the primary firefighting foam in the United States and other parts of the world. AFFF contains PFAS, which are highly fluorinated synthetic chemical compounds whose family includes PFOS and PFOA.

20. PFAS have been used for decades in the manufacture of AFFF. PFAS chemicals are entirely manmade, and do not naturally occur.

21. Prior to commercial development and large-scale manufacture and use

O'STEEN &HARRISON
ATTORNEYS AT LAW

of AFFF containing PFAS, no such PFAS had been found or detected in humans.

22.     AFFF and PFAS are associated with various adverse health effects in humans.

23.     Exposure to AFFF has been linked to serious medical conditions including, but not limited to, kidney cancer, testicular cancer, testicular tumors, pancreatic cancer, prostate cancer, leukemia, lymphoma, bladder cancer, thyroid disease, and infertility.

24.     In the 1960s, studies by PFAS manufacturers raised concerns about the health risks caused by these substances.[1]

25.     By the 1970s, animal studies of PFAS revealed immunotoxicity and other adverse effects.

26.     By the 1980s, studies by PFAS manufacturers reported immunotoxicity and carcinogenicity effects caused by PFAS.

27.     By the 1990s, certain PFAS manufacturers began monitoring the levels of PFAS in the blood serum of their workers. Studies began showing an excess occurrence of prostate cancer in individuals exposed to PFAS.

28.     By at least 2010, additional research and testing performed by certain PFAS manufacturers revealed multiple potential adverse health impacts among workers exposed to PFAS, such as increased cancer incidence, hormone changes, lipid changes, and thyroid and liver impacts.

29.     After the USEPA and other entities began asking manufacturers to stop manufacturing and/or using certain PFAS, Defendants began manufacturing and/or distributing more of certain other and/or "new" PFAS, including so-called "Short-Chain PFAS."

30.     Defendants manufacturing and/or distributing Short-Chain PFAS are aware that Short-Chain PFAS have also been found in human blood. By the mid-2010s, manufacturers were aware that certain Short-Chain PFAS have been found

---

[1] https://www.ncbi.nlm.nih.gov/pmc/articles/PMC6172956/

O'STEEN &HARRISON
ATTORNEYS AT LAW

to cause the same triad of tumors, (testicular, liver, and pancreatic), in animals as non-Short-Chain PFAS.

31.    Moreover, by the early 2010s, research on Short-Chain PFAS suggested that the technical performance of these Short-Chain PFAS is lower, requiring larger quantities and/or more substances to be used to provide the same performance, leading to the same aggregate exposure for affected humans.

32.    Nonetheless, Defendants downplayed the risks of AFFFs containing PFAS to firefighters like Josh Moore.

33.    Even after an independent science panel, known as the "C8 Science Panel," announced in the 2010s that human exposure to PFAS were associated with certain human diseases, including kidney and testicular cancer,[2] Defendants continued to downplay the risk of AFFFs.

34.    At all relevant times, Manufacturer Defendant, through its acts and omissions, concealed and/or withheld information from their customers, governmental entities, and the public that would have properly and fully alerted Plaintiff to the risks of exposure to AFFFs containing PFAS.

35.    At all relevant times, Defendants encouraged continued and increased use of PFAS by their customers and others and tried to encourage and foster the increased and further use of PFAS through the promotion of AFFFs to fire departments, including the Glendale Fire Department, while downplaying the risks.

36.    At all relevant times, Manufacturer Defendant is and/or should have been aware, or knew and/or should have known, that its design, marketing, development, manufacture, distribution, release, training and response of users, production of instructional materials and/or sale of AFFFs containing PFAS would result in the contamination of the blood and/or body of Josh Moore with PFAS, causing injury, irreparable harm, and/or unacceptable risk of such injury and/or irreparable harm to Josh Moore.

---

[2] https://ehp.niehs.nih.gov/doi/pdf/10.1289/ehp.1306615

O'STEEN & HARRISON
ATTORNEYS AT LAW

**Defendants' AFFFs were used by the Glendale Fire Department**

37.    Defendants designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing toxic PFAS that were used by fire departments around the country, including military, county, and municipal firefighting departments.

38.    Defendants each designed, marketed, developed, manufactured, distributed, released, trained users, produced instructional materials, and/or sold AFFFs containing PFAS in such a way as to cause the exposure to and ultimate contamination of Josh Moore's blood and body with PFAS, resulting in persistence and accumulation of PFAS in his blood and body.

39.    Each of the Defendants manufactured, sold, and/or distributed AFFFs to the Glendale Fire Department, thereby causing the contamination of the blood and/or body of Josh Moore with PFAS.

40.    Buckeye manufactured and/or sold AFFFs, including Class B 3% Foam, to Glendale Fire Department, based upon information and belief, during the period while Josh Moore was employed there as a firefighter. Buckeye's AFFFs were used by firefighters in the Glendale Fire Department, including Josh Moore, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by Buckeye, thereby exposing Josh Moore to PFAS.

41.    FDC Rescue Products distributed AFFFs to the Glendale Fire Department, based upon information and belief, during the period while Josh Moore was employed there as a firefighter. AFFFs distributed by FDC Rescue Products were used by firefighters in the Glendale Fire Department, including Josh Moore, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by FDC Rescue Products, thereby exposing Josh Moore to PFAS.

42.    FDC Rescue distributed AFFFs to the Glendale Fire Department,

based upon information and belief, during the period while Josh Moore was employed there as a firefighter. AFFFs distributed by FDC Rescue were used by firefighters in the Glendale Fire Department, including Josh Moore, in their ordinary course of firefighting activities and in the manner in which these AFFFs were expected to be used by FDC Rescue, thereby exposing Josh Moore to PFAS.

**The Plaintiff's exposure to Defendants' AFFFs**

43.     Josh Moore began his fire service career in 2010 as a cadet firefighter and additionally volunteered in ride-alongs with the Glendale Fire Department. Josh was a cadet firefighter until 2012.

44.     As a cadet, Josh would perform support functions which included attaching the firefighting hose to a fire hydrant and removing foam from the hose once the fire was put out.

45.     The firefighting foam would seep into the hose and the hose, despite cleaning the hose after each use, would consistently be coated in foam each time Josh came into contact with the hose.

46.     On April 4, 2016, Josh began as a firefighter on hazard duty status for the Glendale Fire Department. He worked on a firetruck daily.

47.     Immediately after being hired full time, Josh went through a 14-week fire academy where he was trained on various fire suppression techniques, including the application of foam.

48.     Josh was first exposed to AFFFs in the Glendale Fire Department academy, where he trained with Class A and B firefighting foams. During training, it was common to have AFFFs on his body from head to toe, and it was common to have direct skin contact with AFFFs while cleaning up after drills. At the time, he was led to believe that the foam was generally inert and provided no hazard to his health. After his training, in service as a firefighter, Josh was exposed to AFFFs while spraying foam during firefighting operations.

49.     Once Josh obtained hazard duty status, Josh's responsibilities included

O'STEEN & HARRISON
ATTORNEYS AT LAW

driving, pumping, and maintaining the fire truck, which included pumping AFFFs, cleaning AFFFs out of the firefighting equipment, and adding new foam as needed. While operating and cleaning equipment using foam, he was never given any instruction from the manufacturers of distributors to avoid contact with AFFFs, or that the materials were otherwise harmful.

50.    While on hazard duty, Josh had approximately 40-45 interactions with Class A and Class B AFFFs.

51.    Josh was also instructed that foam should be used as a primary agent for fighting residential and commercial fires. Manufacturers and Distributors, such as the Defendants, provided videos demonstrating that AFFFs suppressed fire more effectively than water. Additionally, he was shown videos encouraging "painting" a room, which is the practice of coating every surface in a room with a thick concentration of AFFFs to prevent reignition of a fire.

52.    These new procedures, actively promoted by Defendants, led Josh to have extensive direct contact with AFFFs in the course of his ordinary duties as a firefighter.

53.    Over the course of nearly 6 years as a cadet firefighter and hazard duty firefighter with the Glendale Fire Department, from 2010 to 2012 and 2016 to the present, respectively, Josh Moore routinely used, handled, and came in direct contact with AFFFs containing PFOA produced, manufactured, sold, and/or distributed by the Defendants. His exposure to these products was in the ordinary course of his firefighting activities, and was in the standard way that Defendants anticipated that these products would be used and handled.

54.    At no time in his career was Josh warned by the Defendants that their products carried a substantial risk of adverse medical outcomes, including cancers such as testicular cancer.

55.    In September 2019, at the age of 28, Josh Moore was diagnosed with testicular cancer, with a significant tumor. He had no family history of testicular

O'STEEN & HARRISON
ATTORNEYS AT LAW

cancer, nor any genetic predisposition. He is not and has never been a smoker. Among other medical treatments, he underwent an orchiectomy and chemotherapy and must receive yearly full-body computed tomography ("CT") scans.

## FIRST CLAIM FOR RELIEF

### (Strict Products Liability-Design Defect and Failure to Warn against All Defendants)

56. Plaintiff incorporates the allegations contained in Paragraphs 1 through 55 of this First Amended Complaint as if they were fully set forth herein.

57. Upon information and belief, Defendants are the manufacturers and/or distributors of the AFFFs containing PFAS to which Josh Moore was exposed.

58. Defendants are each the sellers of the AFFFs containing PFAS to which Josh Moore was exposed. Defendants sell AFFFs in the ordinary course of their business.

59. The use of the AFFFs in training activities and routine firefighting activities was the purpose for which the AFFFs were intended and was reasonably foreseeable by Defendants. The AFFFs were used in substantially the same condition in which they were sold.

60. A reasonable firefighter would not expect the AFFFs used in training activities and routine firefighting activities to expose him to a known carcinogen.

61. AFFFs failed to perform as safely as an ordinary firefighter would expect when the AFFFs were used in the reasonably foreseeable manner of routine firefighting activities.

62. Defendants designed an unreasonably harmful product that was inherently defective in that in contained known carcinogens.

63. Defendants had full knowledge that AFFFs contained known carcinogens and failed to warn Plaintiff of the unreasonably dangerous risks.

64. Josh Moore has suffered lasting and ongoing personal injuries resulting from the defective and unreasonably dangerous nature of the product

O'STEEN & HARRISON
ATTORNEYS AT LAW

caused by its defective design.

65.    Josh Moore was a healthy man with no history of testicular cancer, making his likelihood of developing the disease quite low.

66.    As a direct and proximate result of the foregoing, Plaintiff has been damaged via personal injuries in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (Negligent Failure to Warn Against Manufacturer Defendant)

67.    Plaintiff incorporates the allegations contained in paragraphs 1 through 66 of this First Amended Complaint as if they were fully set forth herein.

68.    Manufacturer Defendant knew, through internal and external research, that AFFFs were likely dangerous when used in training activities and routine firefighting activities.

69.    Manufacturer Defendant had no reason to believe that Plaintiff would realize the danger of AFFFs, including their carcinogenic effects.

70.    Manufacturer Defendant failed to exercise reasonable care to inform Plaintiff of AFFFs dangers or of the facts which make it likely to be dangerous.

71.    Because of Manufacturer Defendant's failure to warn Plaintiff about the dangers of AFFFs, Plaintiff suffered personal injuries.

## THIRD CLAIM FOR RELIEF

### (Negligent Plan or Design of Product Against All Defendants)

72.    Plaintiff incorporates the allegations contained in paragraphs 1 through 71 of this First Amended Complaint as if they were fully set forth herein.

73.    AFFFs, products designed by Defendants, are dangerous for use in training activities and routine firefighting activities, which is the intended use of AFFFs.

74.    Defendants failed to exercise reasonable care in continuing to design and failing to re-design AFFFs which contain dangerous carcinogens.

75.    Because of Defendants' defective design of AFFFs Plaintiff suffered

O'STEEN & HARRISON
ATTORNEYS AT LAW

personal injuries.

## FOURTH CLAIM FOR RELIEF

### (Punitive Damages against Manufacturer Defendant)

76.    Plaintiff incorporates the allegations contained in paragraphs 1 through 75 of this First Amended Complaint as if they were fully set forth herein.

77.    Upon information and belief, Manufacturer Defendant first started manufacturing, marketing, and selling AFFFs many years ago.

78.    Over the ensuing years, the Manufacturer Defendant either knew or should have known that an increasing volume of industry research demonstrated that AFFFs cause serious medical effects in humans who are exposed to them either dermally or through inhalation, including tissue cancers such as testicular cancer. Throughout that period, and up to the present, the Manufacturer Defendant has never warned firefighters or the broader public of the known health risks of AFFFs.

79.    The Manufacturer Defendant had obligations under various laws, including but not limited to 15 U.S.C. § 2607(3), to disclose to various government agencies the health risks of AFFFs containing PFAS, including in particular the carcinogenic effects of these products of which the Manufacturer Defendant was aware. Nonetheless, the Manufacturer Defendant intentionally withheld from applicable government agencies their knowledge of the hazardous health effects AFFFs can cause to fire fighters like Josh Moore.

80.    The Manufacturer Defendant consciously pursued this course of conduct – the manufacture, marketing, and sale of a deficient and dangerous product with no representation to expected users of this known danger – in order to serve its own profit motives.

81.    The Manufacturer Defendant pursued the actions set forth above despite its knowledge of the substantial risk that AFFFs posed to firefighters like Josh Moore.

82.    The Manufacturer Defendant acted with an evil mind, meriting an

**O'STEEN & HARRISON**
ATTORNEYS AT LAW

award of punitive damages in an amount to be proven at trial.

<b>JURY TRIAL DEMANDED</b>

Plaintiff hereby demand a trial by jury.

**WHEREFORE**, Plaintiff Josh Moore hereby requests that the Court enter judgment against all Defendants as follows:

A.    For general, consequential, special, and compensatory damages, including but not limited to pain and suffering, mental anguish, lost wages, and lost future income;

B.    For Plaintiff's costs and other expenses incurred in this action; and

C.    Such other and further relief as the Court deems just.

**WHEREFORE**, Plaintiff Josh Moore hereby request that the Court additionally enter judgment against the Manufacturer Defendant as follows:

A.    For punitive damages.


DATED this 16th day of November, 2022.

**O'STEEN & HARRISON, PLC**


_____
Lincoln Combs

**FISHMAN HAYGOOD LLP**
Kerry J. Miller
Jason W. Burge
Danielle Teutonico
*Attorneys for Plaintiff*

**ORIGINAL** of the foregoing e-filed with
Maricopa County Superior Court Clerk via
AZ TurboCourt this 16th day of November, 2022:

**COPY** of the foregoing e-mailed this same day to:

Stephen D. Hoffman
LEWIS BRISBOIS BISGAARD & SMITH LLP
2929 North Central Ave., Ste 1700
Phoenix, AZ 85012-2761
Stephen.Hoffman@lewisbrisbois.com
Heather.Hampstead@lewisbrisbois.com
*Attorneys for Defendant Buckeye Fire*
*Equipment Company*


By /s/ *Donna Avilez*

STEPHEN D. HOFFMAN SB #013875
Stephen.Hoffman@lewisbrisbois.com
HEATHER M. HAMPSTEAD SB #032954
Heather.Hampstead@LewisBrisbois.com
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
Phoenix Plaza Tower II
2929 North Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761
Telephone: 602.385.1040
Facsimile: 602.385.1051
Firm email: azdocketing@lewisbrisbois.com
*Attorneys for Defendant Buckeye Fire Equipment Company*

## SUPERIOR COURT OF THE STATE OF ARIZONA

## COUNTY OF MARICOPA

| | |
|---|---|
| JOSHUA MOORE, a single man, | Case No. CV2021-008336 |
| Plaintiff, | **DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT** |
| vs. | |
| BUCKEYE FIRE EQUIPMENT COMPANY, VICTOR FIRE PRODUCTS, LLC and FDC RESCUE PRODUCTS, LLC, | Assigned to: Hon. Brad Astrowsky |
| Defendants. | |

Defendant Buckeye Fire Equipment Company ("Buckeye" or "Defendant") by and through undersigned counsel, for its Answer to Plaintiff's First Amended Complaint, hereby admits, denies and alleges as follows:

## **INTRODUCTION**

1.     Responding to Paragraph 1, the allegations contained therein are denied for lack of information and belief.

2.     Responding to Paragraph 2, it is admitted that AFFF is used by fire departments as the most capable fire extinguishing agent for certain types of fires.  All other allegations are denied for lack of information and belief.

3.     Responding to Paragraph 3, Defendant admits that it has designed and manufactured AFFF products.  All other allegations are denied.

1    4.      Responding to Paragraph 4, Defendant denies the allegations that purport to

2    state a claim against it.

3    5.      Responding to Paragraph 5, Defendant denies the allegations that purport to

4    state a claim against it.

5    6.      Responding to Paragraph 6, Defendant denies the allegations that purport to

6    state a claim against it.

7    7.      Responding to Paragraph 7, Defendant denies the allegations that purport to

8    state a claim against it.

9                    **PARTIES, JURISDICTION, AND VENUE**

10    8.      Responding to Paragraph 8, Defendant lacks knowledge or information as to

11    Plaintiff's marital status and where he resides, and therefore, it denies the allegations therein

12    by operation of law.

13    9.      Responding to Paragraph 9, Defendant denies the allegations as stated.

14    10.     Responding to Paragraph 10, the allegations contained therein do not pertain

15    to the answering Defendant, and therefore, a response is not required.

16    11.     Responding to Paragraph 11, the allegations contained therein do not pertain

17    to the answering Defendant, and therefore, a response is not required.

18    12.     Responding to Paragraph 12, there are no allegations of fact and therefore a

19    response is not required.

20    13.     Responding to Paragraph 13, Defendant denies the allegations that purport to

21    state a claim against it.

22    14.     Defendant is without sufficient knowledge or information to form a belief as

23    to the allegations in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

24    15.     Responding to Paragraph 15, Defendant denies that the Court has jurisdiction

25    regarding this matter.

26                    **GENERAL ALLEGATIONS**

27    16.     Responding to Paragraph 16, the allegations are admitted to the extent AFFF

28    is a combination of certain chemicals and water that is used very effectively to extinguish

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

certain types of fires.

17.    Responding to Paragraph 17, the allegations are admitted.

18.    Responding to Paragraph 18, the allegations contained therein are denied as stated.

19.    Responding to Paragraph 19, the allegations contained therein are denied for lack of information and belief.

20.    Responding to Paragraph 20, the allegations contained therein are denied for lack of information and belief.

21.    Responding to Paragraph 21, the allegations contained therein are denied for lack of information and belief.

22.    Responding to Paragraph 22, the allegations contained therein are denied.

23.    Responding to Paragraph 23, the allegations contained therein are denied.

24.    Responding to Paragraph 24, the allegations contained therein are denied for lack of information and belief.

25.    Responding to Paragraph 25, the allegations contained therein are denied for lack of information and belief.

26.    Responding to Paragraph 26, the allegations contained therein are denied for lack of information and belief.

27.    Responding to Paragraph 27, the allegations contained therein are denied for lack of information and belief.

28.    Responding to Paragraph 28, the allegations contained therein are denied for lack of information and belief.

29.    Responding to Paragraph 29, Defendant denies the allegations that purport to state a claim against it.

30.    Responding to Paragraph 30, Defendant denies the allegations that purport to state a claim against it.

31.    Responding to Paragraph 31, the allegations contained therein do not pertain to the answering Defendant, and therefore, a response is not required.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4857-1631-8271.1                                          3

1    32.    Responding to Paragraph 32, Defendant denies the allegations that purport to
2    state a claim against it.

3    33.    Responding to Paragraph 33, Defendant denies the allegations that purport to
4    state a claim against it.

5    34.    Responding to Paragraph 34, Defendant denies the allegations that purport to
6    state a claim against it.

7    35.    Responding to Paragraph 35, Defendant denies the allegations that purport to
8    state a claim against it.

9    36.    Responding to Paragraph 36, Defendant denies the allegations that purport to
10    state a claim against it.

11    **Defendants' AFFs were used by Josh Moore's Fire Department**

12    37.    Responding to Paragraph 37, Defendant denies the allegations that purport to
13    state a claim against it.

14    38.    Responding to Paragraph 38, Defendant denies the allegations that purport to
15    state a claim against it.

16    39.    Responding to Paragraph 39, Defendant denies the allegations that purport to
17    state a claim against it.

18    40.    Responding to Paragraph 40, Defendant denies the allegations that purport to
19    state a claim against it.

20    41.    Responding to Paragraph 41, the allegations contained therein do not pertain
21    to the answering Defendant, and therefore, a response is not required.

22    42.    Responding to Paragraph 42, the allegations contained therein do not pertain
23    to the answering Defendant, and therefore, a response is not required.

24    **The Plaintiff's exposure to Defendants' AFFFs**

25    43.    Responding to Paragraph 43, the allegations contained therein are denied for
26    lack of information and belief.

27    44.    Responding to Paragraph 44, the allegations contained therein are denied for
28    lack of information and belief.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

45.    Responding to Paragraph 45, the allegations contained therein are denied for lack of information and belief.

46.    Responding to Paragraph 46, the allegations contained therein are denied for lack of information and belief.

47.    Responding to Paragraph 47, the allegations contained therein are denied for lack of information and belief.

48.    Responding to Paragraph 48, the allegations contained therein are denied for lack of information and belief.

49.    Responding to Paragraph 49, the allegations contained therein are denied for lack of information and belief.

50.    Responding to Paragraph 50, the allegations contained therein are denied for lack of information and belief.

51.    Responding to Paragraph 51, Defendant denies the allegations that purport to state a claim against it.

52.    Responding to Paragraph 52, Defendant denies the allegations that purport to state a claim against it.

53.    Responding to Paragraph 53, Defendant denies the allegations that purport to state a claim against it.

54.    Responding to Paragraph 54, Defendant denies the allegations that purport to state a claim against it.

55.    Responding to Paragraph 55, Defendant denies the allegations that purport to state a claim against it.

## **FIRST CLAIM FOR RELIEF**

**(Strict Products Liability-Design Defect and Failure to Warn against All Defendants)**

56.    Responding to Paragraph 56, Defendant incorporates and references all preceding paragraphs as if set forth fully herein.

57.    Responding to Paragraph 57, Defendant denies the allegations that purport to state a claim against it.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4857-1631-8271.1                                                        5

58.     Responding to Paragraph 58, Defendant denies the allegations that purport to state a claim against it.

59.     Responding to Paragraph 59, Defendant denies the allegations that purport to state a claim against it.

60.     Responding to Paragraph 60, the allegations contained therein do not pertain to the answering Defendant, and therefore, a response is not required.

61.     Responding to Paragraph 61, denies the allegations that purport to state a claim against it.

62.     Responding to Paragraph 62, Defendant denies the allegations that purport to state a claim against it.

63.     Responding to Paragraph 63, Defendant denies the allegations that purport to state a claim against it.

64.     Responding to Paragraph 64, Defendant denies the allegations that purport to state a claim against it.

65.     Responding to Paragraph 65, the allegations contained therein are denied for lack of information and belief.

66.     Responding to Paragraph 66, Defendant denies the allegations that purport to state a claim against it.

<u>**SECOND CLAIM FOR RELIEF**</u>

**(Negligent Failure to Warn Against Manufacturer Defendants)**

67.     Responding to Paragraph 67, Defendant incorporates and references all preceding paragraphs as if set forth fully herein.

68.     Responding to Paragraph 68, Defendant denies the allegations that purport to state a claim against it.

69.     Responding to Paragraph 69, Defendant denies the allegations that purport to state a claim against it.

70.     Responding to Paragraph 70, Defendant denies the allegations that purport to state a claim against it.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    71.    Responding to Paragraph 71, Defendant denies the allegations that purport to
2  state a claim against it.

3                **THIRD CLAIM FOR RELIEF**

4      **(Negligent Plan or Design of Product Against All Defendants)**

5    72.    Responding to Paragraph 72, Defendant incorporates and references all
6  preceding paragraphs as if set forth fully herein.

7    73.    Responding to Paragraph 73, Defendant denies the allegations that purport to
8  state a claim against it.

9    74.    Responding to Paragraph 74, Defendant denies the allegations that purport to
10  state a claim against it.

11    75.    Responding to Paragraph 75, Defendant denies the allegations that purport to
12  state a claim against it.

13               **FOURTH CLAIM FOR RELIEF**

14      **(Punitive Damages against Buckeye and Victor Fire)**

15    76.    Responding to Paragraph 76, Defendant incorporates and references all
16  preceding paragraphs as if set forth fully herein.

17    77.    Responding to Paragraph 77, Defendant admits that it started manufacturing
18  and selling AFFF several years ago.  All other allegations are denied.

19    78.    Responding to Paragraph 78, Defendant denies the allegations that purport to
20  state a claim against it.

21    79.    Responding to Paragraph 79, Defendant denies the allegations that purport to
22  state a claim against it.

23    80.    Responding to Paragraph 80, Defendant denies the allegations that purport to
24  state a claim against it.

25    81.    Responding to Paragraph 81, Defendant denies the allegations that purport to
26  state a claim against it.

27    82.    Responding to Paragraph 82, Defendant denies the allegations that purport to
28  state a claim against it.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

**RULE 26.2 TIER ALLEGATION**

Defendant denies that Plaintiff is entitled to damages at a Tier 3 level within the criteria of Rule 26.2(c)(3) of the Arizona Rules of Civil Procedure. However, Defendant admits the case issues justify a Tier 3 discovery designation for this matter.

**GENERAL DENIAL**

1.     Defendant denies each and every allegation of Plaintiff's First Amended Complaint, including any allegations contained in the headings and prayer for relief, not specifically admitted to herein.

**DEFENSES AND AFFIRMATIVE DEFENSES**

1.     Defendant incorporates and reference all preceding paragraphs as if set forth fully herein.

2.     Defendant asserts Plaintiff's claims fail, in whole or in part, to state a claim upon which relief may be granted against Defendant.

3.     As and for a separate and affirmative defense, and in the alternative, Defendant specifically deny negligence, causation, and damages, if any.

4.     Upon information and belief, Defendant asserts the defenses of assumption of the risk, contributory negligence, release, waiver, comparative negligence/fault and the right to reasonable apportionment of fault.

5.     Upon information and belief, Defendant asserts that superseding, intervening events and/or causes were the proximate cause of Plaintiff's injuries, if any.

6.     To the extent any Co-defendants were violating Arizona criminal statutes, they should be apportioned all or most of the fault.

7.     Plaintiff's claimed damages, if any, were the result in whole or in part of the negligent or otherwise wrongful acts of Plaintiff, other parties, and/or certain non-parties, including but not limited to acts of contributory negligence and comparative fault.  Pursuant to A.R.S. § 12-2501, et seq., damages shall be apportioned and allocated to each party and non-party in direct proportion to their respective degree of fault.

8.     Defendant asserts that Plaintiff may have failed to mitigate damages.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

9.     Defendant asserts Plaintiff's injuries, if any, may have been pre-existing or the result of a pre-existing incident or condition.

10.     Defendant asserts Plaintiff's injuries, if any, may have resulted from events occurring after the incident complained of and recovery therefore shall be precluded or diminished as required by law.

11.     Defendant asserts Plaintiff's recovery, if any, for medical expenses should be limited to the net amounts reasonable in the community and/or actually incurred and Plaintiff's claims may be barred, in whole or in part, by setoff and/or recoupment.

12.     Defendant asserts Plaintiff cannot establish his claim for punitive damages by clear and convincing evidence and such allegations may be subject to A.R.S. §12-349.

13.     Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff and/or other persons used this answering Defendant's product(s), if indeed any were used, in an unreasonable manner, not reasonably foreseeable to this Defendant, and for a purpose for which the product(s) were not intended, manufactured or designed.  Plaintiff's injuries and damages, if any, were therefore directly and proximately caused by misuse and/or abuse of such products.

14.     Defendant alleges that at all times and places mentioned in the Complaint, Plaintiff and/or other persons without this Defendant's knowledge and approval redesigned, modified, altered, and used this Defendant's product(s), if indeed any were used, contrary to instructions and contrary to the custom and practice of the industry. This redesign, modification, alteration, and use so substantially changed the product's character that if there was a defect in the product -- which is specifically denied -- such defect resulted solely from the redesign, modification, alteration, or other such treatment or change and not from any act or omission by this Defendant.

15.     Defendant owed no duty to the Plaintiff because Defendant was not in a special relationship with the Plaintiff and there are no state or federal statutes that recognize a public policy imposing a duty under the facts of this case. *See, Quiroz v. ALCOA, Inc.*, 243 Ariz. 560, 567 ¶ 25 (2018).


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4857-1631-8271.1                                    9

16. Defendant further pleads and places Plaintiff on notice of affirmative defenses available to this answering Defendant under A.R.S. §12-683.

17. Defendant alleges that any products or materials that may have been supplied by this Defendant to Plaintiff, his employers or others, were accompanied by adequate warnings and were in conformity with the existing state of the art warnings associated with the foreseeable use of said products and materials.

18. Defendant alleges that the product(s), if any, for which it may have legal responsibility were installed, labeled, assembled, serviced, supplied, manufactured, designed, packaged, distributed, marketed, and/or sold in accordance with contract specifications imposed by its co-defendants, by governmental entities, by Plaintiff's employers, and/or by third parties yet to be identified.

19. Some or all of Plaintiff's claims may be barred by the firefighter's rule.

20. Defendant alleges that the Plaintiff unreasonably delayed in bringing this action against Defendant and that such delay substantially prejudiced this answering Defendant. Therefore, this action is barred by the doctrine of laches.

21. Defendant affirmatively alleges that one or more of Plaintiff's claims may be barred by the applicable statute of limitations and/or statute of repose.

22. Some or all of Plaintiff's claims may be preempted by applicable federal actions, rules, or regulations.

23. Defendant alleges that its products were manufactured, produced, supplied, sold and distributed in mandatory conformity with specifications promulgated by the United States government under its war powers, as set forth in the United States Constitution, and that any recovery by plaintiffs on the complaint on file herein is barred in consequence of the exercise of those sovereign powers.

24. Defendant alleges that Plaintiff and Plaintiff's employer(s) were and are sophisticated users and/or learned intermediaries, and knew independently or reasonably should have known of any danger or hazard, if any, associated with the use of Defendant's product(s), if indeed any were used.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4857-1631-8271.1                                    10

25.     Defendant alleges that any exposure of Plaintiff to this Defendant's product or products, which exposure is vigorously denied, was so minimal as to be insufficient to establish a reasonable degree of probability that the product or products caused his claimed injuries and illness.

26.     Defendant alleges that at all times alleged in the First Amended Complaint as to the products alleged to have caused Plaintiff's injuries, the benefits of any such product design outweighed any risk of danger in the design and that any such product met the safety expectations of Plaintiff and the general public.

27.     The state of the medical and scientific knowledge and the published literature and other materials reflecting said state of the medical art at all times pertinent hereto was such that this Defendant neither knew nor could have known that its products, if any, presented a foreseeable risk of harm to the Plaintiff in the normal and expected use of these products according to the law in full force and effect at the time of the transactions complained of. The methods, standards and techniques of designing, manufacturing, or selling any products sold by this Defendant, if any, were performed in conformity with the generally recognized state of the art existing at the time such products were sold, if any, by this Defendant and placed in the stream of commerce.

28.     The plans or designs for the subject products, and the methods and techniques of manufacturing, inspecting, testing, and labeling the subject products, conformed to all applicable governmental standards and regulations and were state-of-the-art at the time the subject products were sold.

29.     Additional facts may come to light supporting additional affirmative defenses and this answering Defendant reserve the right to raise such other and further affirmative defenses, including but not limited to any matter of avoidance or affirmative defense under Rule 8(d), Ariz.R.Civ.P., or Rule 12, Ariz.R.Civ.P.

## **DEMAND FOR JURY TRIAL**

Pursuant to  Rule 38(a) of the Arizona Rules of Civil Procedure, Defendant demands

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  a jury trial.

2  __**PRAYER FOR RELIEF**__

3  THEREFORE, having fully answered Plaintiff's First Amended Complaint,

4  Defendant requests that:

5  A.  Plaintiff's First Amended Complaint be dismissed with prejudice;

6  B.  Plaintiff take nothing thereby;

7  C.  Defendant be awarded all costs and expenses herein so far as permitted

8  under law; and

9  D.  Defendant be awarded such other and further relief as the Court deems

10  just and proper under the circumstances.

11  DATED this 28th day of November, 2022

12  LEWIS BRISBOIS BISGAARD & SMITH LLP

13

14

15  By:  _/s/Stephen D. Hoffman_

Stephen D. Hoffman

16  Heather Hampstead

*Attorneys for Defendant Buckeye Fire*

17  *Equipment Company*

18  ORIGINAL of the foregoing efiled
this 28th day of November, 2022 with:

19

20  Maricopa County Superior Court

21  COPY of the foregoing e-mailed
this 28th day of November, 2022 to:

22

23  Lincoln Combs
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400

24  Phoenix, Arizona 85013-3424
lcombs@vanosteen.com

25  *Attorney for Plaintiff*

26

27  Kerry Miller (Pro Hac Pending)
Jason W. Burge (Pro Hac Pending)

28  Danielle Teutonico (Pro Hac Pending)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

**FISHMAN HAYGOOD, LLP**
201 St. Charles Ave., Floor 46
New Orleans, LA 70170
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

/s/Jodie B. Mize
6234-16728

# EXHIBIT B

« Return to search results

## Case Information

| | | | |
|---|---|---|---|
| **Case Number:** | CV2021-008336 | **Judge:** | Whitten, Christopher |
| **File Date:** | 5/20/2021 | **Location:** | Downtown |
| **Case Type:** | Civil | | |

## Party Information

| Party Name | Relationship | Sex | Attorney |
|---|---|---|---|
| Joshua Moore | Plaintiff | Male | Lincoln Combs |
| Buckeye Fire Equipment Company | Defendant | | Stephen Hoffman |
| Victor Fire Products L L C | Defendant | | Jason Mullis |
| F D C Rescue Products L L C | Defendant | | Pro Per |
| F D C Rescue L L C | Defendant | | Pro Per |

## Case Documents

| Filing Date | Description | Docket Date | Filing Party |
|---|---|---|---|
| 9/30/2025 | OCC - Order Continuing on Inactive/Dismissal Calendar | 9/30/2025 | |
| **NOTE:** | ORDER TO CONTINUE ON INACTIVE CALENDAR | | |
| 9/22/2025 | MCC - Mot/Cont On Inactive Calendar | 9/23/2025 | |
| **NOTE:** | Motion To Continue on Inactive Calendar | | |
| 7/30/2025 | OCC - Order Continuing on Inactive/Dismissal Calendar | 7/30/2025 | |
| **NOTE:** | ORDER TO CONTINUE ON INACTIVE CALENDAR | | |
| 7/24/2025 | MCC - Mot/Cont On Inactive Calendar | 7/25/2025 | |
| **NOTE:** | MOTION TO CONTINUE ON INACTIVE CALENDAR | | |
| 6/9/2025 | OCC - Order Continuing on Inactive/Dismissal Calendar | 6/9/2025 | |
| **NOTE:** | ORDER TO CONTINUE ON INACTIVE CALENDAR | | |
| 5/27/2025 | MCC - Mot/Cont On Inactive Calendar | 5/28/2025 | |
| **NOTE:** | Motion to Continue on Inactive Calendar | | |
| 3/12/2025 | 375 - Case on Dismissal Calendar | 3/12/2025 | |
| 2/5/2025 | 083 - ME: Conference Reset/Cont | 2/5/2025 | |
| 3/12/2024 | SCO – Scheduling Order | 3/12/2024 | |
| **NOTE:** | AMENDED SCHEDULING ORDER | | |
| 3/4/2024 | MOT - Motion | 3/5/2024 | |
| **NOTE:** | JOINT MOTION FOR ENTRY OF AMENDED SCHEDULING ORDER | | |
| 1/19/2024 | SCO – Scheduling Order | 1/19/2024 | |
| **NOTE:** | AMENDED SCHEDULING ORDER | | |
| 1/11/2024 | MOT - Motion | 1/17/2024 | |
| **NOTE:** | Joint Motion for Entry of Amended Scheduling Order | | |
| 10/31/2023 | NOT - Notice | 11/1/2023 | |
| **NOTE:** | NOTICE OF SUBSTITUTION OF LAW FIRM AND CHANGE OF ADDRESS | | |
| 10/20/2023 | NWA - Notice Withdrawal Of Attorney | 10/21/2023 | |
| **NOTE:** | Notice of Withdrawal Within Firm | | |
| 10/2/2023 | ORD - Order | 10/2/2023 | |
| **NOTE:** | AMENDED CASE MANAGEMENT ORDER | | |
| 9/22/2023 | MTA - Motion To Amend | 9/26/2023 | |
| **NOTE:** | JOINT MOTION TO AMEND CASE MANAGEMENT ORDER | | |
| 9/6/2023 | ORD - Order | 9/6/2023 | |
| **NOTE:** | PROTECTIVE ORDER | | |
| 8/29/2023 | STP - Stipulation | 8/30/2023 | |
| **NOTE:** | Stipulation for Entry of Protective Order | | |
| 8/22/2023 | PHO - Pro Hac Vice Order | 8/22/2023 | |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – KERRY J. MILLER | | |
| 8/15/2023 | 023 - ME: Order Entered By Court | 8/15/2023 | |
| 8/7/2023 | REL - Reply | 8/8/2023 | |
| **NOTE:** | | | |
| PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO CONSOLIDATE YOUNG ET AL. V. 3M ET AL., MOORE V. BUCKEYE FIRE EQUIPMENT ET AL., AND GROSCH ET AL. V. TYCO FIRE PRODUCTS LP ET AL. | | | |
| 7/25/2023 | RES - Response | 7/25/2023 | |
| **NOTE:** | Buckeye Fire Equipment's Response to Plaintiffs' Ariz.R.Civ.P. 42(a) Motion to Consolidate | | |
| 7/24/2023 | PHA - Pro Hac Vice Application | 7/25/2023 | |
| **NOTE:** | MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – KERRY J. MILLER | | |
| 7/6/2023 | MCD - Motion To Consolidate | 7/6/2023 | |
| **NOTE:** | | | |

PLAINTIFFS' ARIZ. R. CIV. P. 42(A) MOTION TO CONSOLIDATE YOUNG ET AL. V. CHEMGUARD, INC. ET AL., MOORE V. BUCKEYE FIRE EQUIPMENT ET AL., AND GROSCH ET AL. V. TYCO FIRE PRODUCTS LP ET AL.

| Date | Event | Date |
|---|---|---|
| 6/1/2023 | SCO – Scheduling Order | 6/1/2023 |
| **NOTE:** | AMENDED SCHEDULING ORDER | |
| 5/25/2023 | MOT - Motion | 5/26/2023 |
| **NOTE:** | Joint Motion for Entry of Amended Scheduling Order | |
| 3/31/2023 | RNM - Returned Mail | 3/31/2023 |
| **NOTE:** | | |
| 3/28/2023 | 049 - ME: Judgment Signed | 3/28/2023 |
| 3/27/2023 | DFJ - Default Judgment | 3/31/2023 |
| **NOTE:** | Copy mailed/provided to non-defl. parties on date of filing | |
| 3/17/2023 | NOT - Notice | 3/20/2023 |
| **NOTE:** | Notice of Lodging Form of Judgement | |
| 3/6/2023 | 005 - ME: Hearing | 3/6/2023 |
| 3/1/2023 | NOT - Notice | 3/4/2023 |
| **NOTE:** | PLAINTIFF'S PRE-DEFAULT HEARING BRIEF | |
| 2/28/2023 | STA - Statement | 3/2/2023 |
| **NOTE:** | Plaintiff's Pre-Default Hearing Brief | |
| 2/23/2023 | RNM - Returned Mail | 2/23/2023 |
| **NOTE:** | | |
| 2/14/2023 | SOC - Statement Of Costs | 2/15/2023 |
| **NOTE:** | Verified Statement of Costs | |
| 2/9/2023 | NOT - Notice | 2/13/2023 |
| **NOTE:** | DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S NOTICE OF ASSOCIATION OF COUNSEL WITHIN SAME FIRM | |
| 2/2/2023 | LET - Letter | 2/14/2023 |
| **NOTE:** | REJECTION OF SERVICE | |
| 1/23/2023 | ORD - Order | 1/23/2023 |
| **NOTE:** | | |

Order / the Court hereby grants the Motion and orders that the current scheduling order be vacated until defendant FDC Rescue, LLC appears in this matter or a default judgment is entered against FDC Rescue, LLC. DATED this 13th day of January, 2023.

| Date | Event | Date |
|---|---|---|
| 1/18/2023 | 023 - ME: Order Entered By Court | 1/18/2023 |
| 1/13/2023 | MOT - Motion | 1/18/2023 |
| **NOTE:** | Consent Motion to Vacate Scheduling Order | |
| 1/13/2023 | 004 - ME: Hearing Continued | 1/13/2023 |
| 1/12/2023 | AAE - Application/Affidavit And Entry Of Default | 1/13/2023 |
| **NOTE:** | APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT FDC RESCUE, LLC AND REQUEST FOR HEARING | |
| 12/8/2022 | AFS - Affidavit Of Service | 12/16/2022 |
| **NOTE:** | FIRST AMENDED / FDC RESCUE LLC | |
| 11/28/2022 | ANS - Answer | 11/28/2022 |
| **NOTE:** | Answer to First Amended Complaint | |
| 11/16/2022 | AMC - Amended Complaint | 11/17/2022 |
| **NOTE:** | First Amended Complaint and Jury Trial Demand | |
| 11/15/2022 | ORD - Order | 11/15/2022 |
| **NOTE:** | ORDER RE UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED COMPLAINT | |
| 11/9/2022 | MTA - Motion To Amend | 11/9/2022 |
| **NOTE:** | Unopposed Motion for Leave to File Amended Complaint | |
| 10/27/2022 | 004 - ME: Hearing Continued | 10/27/2022 |
| 10/26/2022 | ORD - Order | 10/28/2022 |
| 10/25/2022 | MCO - Motion To Continue | 10/28/2022 |
| **NOTE:** | Stipulated Motion to Continue October 27, 2022 Default Hearing | |
| 10/24/2022 | NNF - Not Of Non-Parties At Fault | 10/26/2022 |
| **NOTE:** | DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S NOTICE OF NON-PARTY AT FAULT | |
| 9/28/2022 | 004 - ME: Hearing Continued | 9/28/2022 |
| 9/27/2022 | ORD - Order | 9/29/2022 |
| **NOTE:** | MOTION CONTINUE SEPTEMBER 29 2022 DEFAULT HEARING | |
| 9/26/2022 | MCO - Motion To Continue | 9/28/2022 |
| **NOTE:** | Stipulated Motion to Continue September 9, 2022 Default Hearing | |
| 9/1/2022 | 056 - ME: Hearing Set | 9/1/2022 |
| 8/19/2022 | ORD - Order | 8/19/2022 |
| **NOTE:** | AMENDED CASE MANAGEMENT ORDER | |
| 8/16/2022 | SOC - Statement Of Costs | 8/19/2022 |
| **NOTE:** | Verified Statement of Costs | |
| 8/16/2022 | NWA - Notice Withdrawal of Attorney | 8/19/2022 |
| **NOTE:** | NOTICE OF WITHDRAWAL OF COUNSEL WITHIN SAME FIRM | |
| 8/1/2022 | 023 - ME: Order Entered By Court | 8/1/2022 |
| 8/1/2022 | MTA - Motion To Amend | 8/3/2022 |
| **NOTE:** | Joint Motion to Amend Case Management Order | |
| 7/26/2022 | AAE - Application/Affidavit And Entry Of Default | 7/28/2022 |
| **NOTE:** | | |

APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT FDC RESCUE PRODUCTS, LLC AND REQUEST FOR HEARING

| Date | Event | Date |
|---|---|---|
| 6/7/2022 | NDI - Notice Of Dismissal | 6/8/2022 |
| **NOTE:** | | |

PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)(A)(i) OF THE ARIZONA RULES OF CIVIL PROCEDURE / without prejudice

| Date | Event | Date |
|---|---|---|
| 5/26/2022 | ANS - Answer | 5/27/2022 |
| **NOTE:** | DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT / EFILE BILLING $245 |

| | | |
|---|---|---|
| 5/26/2022 | CCA - Cert Compulsory Arbitration | 5/27/2022 |
| **NOTE:** | DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S CERTIFICATE REGARDING COMPULSORY ARBITRATION | |
| 5/26/2022 | NJT - Not Demand For Jury Trial | 5/27/2022 |
| **NOTE:** | DEFENDANT BUCKEYE FIRE EQUIPMENT COMPANY'S DEMAND FOR JURY TRIAL | |
| 5/24/2022 | ORD - Order | 5/24/2022 |
| **NOTE:** | ORDER ON MOTION FOR CONTINUANCE OF DISCOVERY DEADLINES | |
| 5/16/2022 | NOT - Notice | 5/18/2022 |
| **NOTE:** | | |
| VICTOR FIRE PRODUCTS, LLC'S NOTICE OF NO OBJECTION TO PLAINTIFF'S MOTION FOR CONTINUANCE OF DISCOVERY DEADLINES | | |
| 5/13/2022 | MCO - Motion To Continue | 5/17/2022 |
| **NOTE:** | Motion for Continuance of Discovery Deadlines | |
| 4/27/2022 | OCW - Order for Withdrawal of Counsel | 4/27/2022 |
| **NOTE:** | ORDER TO WITHDRAW AS COUNSEL FOR PLAINTIFF | |
| 4/11/2022 | ORD - Order | 4/11/2022 |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – DANIELLE C. TEUTONICO | |
| 3/29/2022 | ORD - Order | 3/29/2022 |
| **NOTE:** | ORDER RE MOTION TO ASSOCIATE COUNSEL PRO HAC VICE – JASON W. BURGE | |
| 3/16/2022 | PHA - Pro Hac Vice Application | 3/22/2022 |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Danielle C. Teutonico | |
| 3/11/2022 | PHA - Pro Hac Vice Application | 3/15/2022 |
| **NOTE:** | Motion to Associate Counsel Pro Hac Vice - Jason W. Burge | |
| 2/14/2022 | MFW - Motion For Withdraw of counsel | 2/18/2022 |
| **NOTE:** | Motion To Withdraw As Counsel for Plaintiff | |
| 2/3/2022 | SCO – Scheduling Order | 2/3/2022 |
| **NOTE:** | Order | |
| 1/27/2022 | JSR – Joint Scheduling Report | 2/1/2022 |
| **NOTE:** | Joint Report | |
| 1/24/2022 | ANS - Answer | 1/27/2022 |
| **NOTE:** | VICTOR FIRE PRODUCTS, LLC'S ANSWER TO PLAINTIFF'S COMPLAINT/ efile billing $245 | |
| 1/24/2022 | CCA - Cert Compulsory Arbitration | 1/28/2022 |
| **NOTE:** | VICTOR FIRE PRODUCTS, LLC'S Certificate Regarding Compulsory Arbitration | |
| 1/24/2022 | NJT - Not Demand For Jury Trial | 1/28/2022 |
| **NOTE:** | VICTOR FIRE PRODUCTS, LLC'S Demand for Jury Trial | |
| 1/5/2022 | NSC - Notice of Substitution of Counsel | 1/6/2022 |
| **NOTE:** | Notice of Substitution of Counsel for Plaintiff | |
| 12/22/2021 | NPD - Notice Case on Dismissal Calendar | 12/22/2021 |
| 11/10/2021 | 019 - ME: Ruling | 11/10/2021 |
| 10/12/2021 | REL - Reply | 10/14/2021 |
| **NOTE:** | REPLY IN SUPPORT OF VICTOR FIRE PRODUCTS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION | |
| 10/1/2021 | OBJ - Objection/Opposition | 10/5/2021 |
| **NOTE:** | PLAINTIFF'S OPPOSITION TO VICTOR FIRE PRODUCTS, LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION | |
| 9/17/2021 | MDJ - Motion to Dismiss for Lack of Jurisdiction | 9/21/2021 |
| **NOTE:** | VICTOR FIRE PRODUCTS LLC'S MOTION TO DISMISS FOR LACK OF JURISDICTION | |
| 7/28/2021 | 322 - ME: Notice Of Intent To Dismiss | 7/28/2021 |
| 7/28/2021 | AFS - Affidavit Of Service | 8/3/2021 |
| **NOTE:** | BUCKEYE FIRE EQUIPMENT COMPANY | |
| 7/28/2021 | AFS - Affidavit Of Service | 8/3/2021 |
| **NOTE:** | VICTOR FIRE PRODUCTS LLC | |
| 7/28/2021 | AFS - Affidavit Of Service | 8/3/2021 |
| **NOTE:** | FDC RESCUE PRODUCTS LLC | |
| 5/20/2021 | COM - Complaint | 5/20/2021 |
| **NOTE:** | Complaint | |
| 5/20/2021 | CSH - Coversheet | 5/20/2021 |
| **NOTE:** | Civil Cover Sheet | |
| 5/20/2021 | CCN - Cert Arbitration - Not Subject | 5/20/2021 |
| **NOTE:** | Certificate Of Compulsory Arbitration - Is Not Subject To | |
| 5/20/2021 | SUM - Summons | 5/20/2021 |
| **NOTE:** | Summons | |
| 5/20/2021 | SUM - Summons | 5/20/2021 |
| **NOTE:** | Summons | |
| 5/20/2021 | SUM - Summons | 5/20/2021 |
| **NOTE:** | Summons | |

## Case Calendar

| Date | Time | Event |
|---|---|---|
| 9/29/2022 | 13:30 | Default Hearing |
| 10/27/2022 | 14:00 | Default Hearing |
| 1/12/2023 | 14:00 | Default Hearing |
| 3/2/2023 | 14:00 | Default Hearing |
| 4/3/2023 | 9:00 | Pre-Trial Conference |
| 11/21/2023 | 9:00 | Pre-Trial Conference |
| 5/6/2024 | 9:00 | Pre-Trial Conference |
| 7/17/2024 | 8:45 | Pre-Trial Conference |
| 12/9/2024 | 9:15 | Pre-Trial Conference |

| | | | | |
|---|---|---|---|---|
| 1/22/2025 | 9:00 | Pre-Trial Conference | | |
| 1/27/2025 | 10:45 | Pre-Trial Conference | | |
| 2/27/2025 | 9:30 | Pre-Trial Conference | | |

## Judgments

| Date | (F)or / (A)gainst | Amount | Frequency | Type | Status |
|---|---|---|---|---|---|
| 3/27/2023 | **F:** Joshua Moore | $1,232,219.40 | One Time | Charges | |
| | **A:** F D C Rescue Products L L C | | | | |
| 3/27/2023 | **F:** Joshua Moore | $208.44 | One Time | Costs | |
| | **A:** F D C Rescue L L C | | | | |
| 3/27/2023 | **F:** Joshua Moore | $380.51 | One Time | Costs | |
| | **A:** F D C Rescue Products L L C | | | | |

**EXHIBIT C**

O'STEEN HARRISON

CLERK OF THE SUPERIOR COURT
FILED

MAR 2 7 2023  3:10 pm

J. Lizardi, Deputy

1  Lincoln Combs, No. 025080
**O'STEEN & HARRISON, PLC**
2  300 W. Clarendon Ave., Suite 400
   Phoenix, Arizona 85013-3424
3  T: (602) 252-8888 F: (602) 274-1209
4  lcombs@vanosteen.com

5  Kerry Miller, *pro hac vice pending*
6  Jason W. Burge, *pro hac vice*
   Danielle Teutonico, *pro hac vice*
7  **FISHMAN HAYGOOD LLP**
8  201 St. Charles Ave., Floor 46
   New Orleans, Louisiana 70170
9  T: (504) 586-5252 F: (504) 586-5250
10 kmiller@fishmanhaygood.com
   jburge@fishmanhaygood.com
11 dteutonico@fishmanhaygood.com
12 *Attorneys for Plaintiff*

13

14  **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**
15  **IN AND FOR THE COUNTY OF MARICOPA**

16  JOSHUA MOORE                        Case No. CV2021-008336

17            Plaintiff,               **JUDGMENT**

18  v.                                 (Assigned to the Hon. Richard Albrecht and
19                                     The Honorable Bradley Astrowsky)
    BUCKEYE FIRE EQUIPMENT
20  COMPANY, FDC RESCUE
    PRODUCTS, LLC, and FDC RESCUE,
21  LLC
22
23           Defendants.

24      The court, having entered default against Defendants FDC Rescue Products LLC
25  and FDC Rescue, LLC, and having held a damages hearing under Ariz. R. Civ. Pr.
26  55(b)(2)(D), hereby enters the following judgment.
27      Plaintiff is awarded taxable costs against FDC Rescue Products, LLC in an amount
28  of $380.51 for filing and service of process fees, subject to interest at a rate of 6.5% per

– 1 –

O'STEEN HARRISON

1 annum.

2   Plaintiff is awarded taxable costs against FDC Rescue, LLC, in an amount of

3 $208.44 for filing and service of process fees, subject to interest at a rate of 6.5% per

4 annum.

5   Plaintiff is awarded compensatory damages in the amount of $1,232,219.40,

6 subject to interest which shall accrue at a rate of 6.5% per annum.

7   All other categories of damages as well as apportionment of all damages among

8 all defendants shall await determination by the factfinder in this matter. Accordingly, any

9 payments made by Defendants FDC Rescue Products, LLC and/or FDC Rescue, LLC to

10 Plaintiff prior to the time that final judgment is entered under Ariz. R. Civ. Pr. 54(c) in

11 this matter does not reflect any defendants' apportionment of fault, nor will it serve to

12 credit, offset, or reduce any amounts owing to Plaintiff by any other defendants.

13   ORDERED this ___ day of _____, 2023.

14

15

16

17 Commissioner Richard Albrecht

18

19

20

21

22

23

24

25

26

27

28

–2–

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Lincoln Combs, Esq.-State Bar #025080
**O'STEEN & HARRISON, PLC**
300 W. Clarendon Ave., Suite 400
Phoenix, Arizona 85013
Telephone: (602) 252-8888
Facsimile:(602) 274-1209
lcombs@vanosteen.com

Kerry Miller, *pro hac*
Jason W. Burge, *pro hac*
Danielle Teutonico, *pro hac*
**FISHMAN HAYGOOD LLP**
201 St. Charles Ave., Floor 46
New Orleans, Louisiana 70170
Telephone: (504) 586-5252
kmiller@fishmanhaygood.com
jburge@fishmanhaygood.com
dteutonico@fishmanhaygood.com
*Attorneys for Plaintiff*

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| JOSHUA MOORE, a single man, | |
| Plaintiff, | Case No. CV2021-008336 |
| v. | **PLAINTIFFS' NOTICE OF VOLUNTARY DISMISSAL UNDER RULE 41(a)(1)(A)(i) OF THE ARIZONA RULES OF CIVIL PROCEDURE** |
| BUCKEYE FIRE EQUIPMENT COMPANY; VICTOR FIRE PRODUCTS, LLC and FDC RESCUE PRODUCTS, LLC, | |
| Defendants. | (Assigned to the Hon. Brad Astrowsky) |

Plaintiff, pursuant to Rule 41(a)(1)(A)(i) of the Arizona Rules of Civil Procedure,

hereby gives notice of his voluntary dismissal of Victor Fire Products, LLC from the above

captioned action, without prejudice and with no costs assigned to either party.

1

2    RESPECTFULLY SUBMITTED this 7th day of June, 2022.

3

4    */s/ Jason W. Burge*
     Kerry J. Miller

5    Jason W. Burge
     Danielle Teutonico

6    FISHMAN HAYGOOD LLP
     201 St. Charles Avenue, Suite 4600

7    New Orleans, LA 70170
     Telephone: (504) 586-5252

8    Facsimile: (504) 586-5250
     kmiller@fishmanhaygood.com

9    jburge@fishmanhaygood.com
     dteutonico@fishmanhaygood.com

10

11   *Attorneys for Plaintiff*

12

13   ORIGINAL E-Filed via AZTurbo Court
     7th day of June, 2022,

14

15   and a copy e-mailed to:

16   A COPY of the foregoing
     was delivered via email
     this 7th day of June, 2022, to:

17

18   Christopher K. Heo
     2525 E. Camelback Road, Suite 450

19   Phoenix, AZ 85016
     Cheo@wshblaw.com

20

21   Stephen Hoffman
     8801 Horizon Blvd. NE, Suite 300

22   Albuquerque, NM 87113
     Stephen.hoffman@lewisbrisbois.com

23   By: */s/ Jason W. Burge*

24

25                              2